**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
The Honorable Judge John L. Kane

| | | |
|---|---|---|
| In re: | ) | Dist. Ct. Case No.:   15-CV-557-JLK |
| | ) | BAP Case No.:  13-055 |
| **STEVEN E. MUTH,** | ) | Bankruptcy Case No.: 12-26897-SBB |
| | ) | Chapter 11 |
| Debtor. | ) | |

**OPPOSED MOTION FOR AWARD OF ATTORNEY FEES ON APPEAL**

COUNSEL for Appellee Kimberly Krohn f/k/a/ Muth, Joanne Underhill & Associates, P.C., respectfully motions this Court for an award of attorney fees incurred on appeal.

**CERTIFICATE OF CONFERENCE**: Counsel has conferred and this motion is opposed.

**ARGUMENT**

1. This court has authority to award Ms. Krohn her reasonable attorney fees and costs incurred on appeal under 28 U.S.C. § 1927 and Fed.R.App.P. 38 and 39.

2. An award of fees is justified whenever a person "multiplies the proceedings in any case unreasonably and vexatiously" and should be in the amount required to "satisfy... the excess costs, expenses, and attorney fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

3. Ms. Krohn contends that Mr. Muth's appeal constitutes the unreasonable and vexatious multiplication of proceedings in this case. It is the last in a long line of sanctions for continued improper conduct to avoid sanctions awarded for earlier improper conduct. Mr. Muth originally was sanctioned for a frivolous and groundless filing in the domestic proceeding between he and his wife. His Chapter 11 bankruptcy was dismissed as a bad faith attempt to avoid collection

of that debt, and he was sanctioned again. The current appeal seeks to delay payment of those sanctions.

4. As set forth in the Response brief, the current appeal lacks substantial basis. It seeks to re-litigate issues already resolved by the Tenth Circuit in a prior appeal, raises issues not initially presented to the bankruptcy court, and is unsupported by any record on appeal. As to the arguments, the notion that the bankruptcy court has no authority to issue sanctions for bad faith filings was expressly rejected in *Scrivner v. Mashburn*, 535 F.3d 1258, 1263 (10th Cir. 2008), and the suggestion that the bankruptcy court must follow the Rule 11 procedures when issuing bad faith sanctions finds no support in the law of this Circuit.

5. Ms. Krohn has incurred $4,205.00 in attorney fees during this appeal. This amount was reasonable and necessary to litigate the appeal. *Affidavit of Joanne Underhill* (**Exhibit A**).

6. In addition, Ms. Krohn has incurred $147.00 in costs during this appeal.

7. Ms. Krohn reserves the right to supplement this amount if additional briefing, or al arguments, or other proceedings are required.

WHEREFORE, Ms. Kimberly Krohn respectfully requests that this Court enter an Order and Judgment in the amount of all attorney fees and costs she incurs in the course of this appeal, and not less than $4,352.17, in favor of Ms. Krohn and against Mr. Stephen Muth, to accrue interest at the rate of 8% per annum starting from the date of the judgment until paid in full.

Respectfully submitted this 12th day of October, 2015.

**JOANNE UNDERHILL & ASSOCIATES, P.C.**

*/s/ Colin E. Moriarty*
Joanne P. Underhill, #16690
Colin E. Moriarty, #36865

7350 East Progress Place, Ste. 110
Greenwood Village, CO 80111
Phone: (303) 721-7112 / Fax: (303) 721-7351
**COUNSEL FOR APPELLEE KIM KROHN**