IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 15-cv-00557-MSK

In re: STEVEN E. MUTH,

    Debtor.

STEVEN E. MUTH,

    Appellant,

v.

KIMBERLEY KROHN,

    Appellee.

**OPINION AND ORDER ON APPEAL**

**THIS MATTER** comes before the Court on the Debtor Steven E. Muth's appeal of the United States Bankruptcy Court for the District of Colorado's March 5, 2015 Order awarding attorney fees to Creditor Kimberly Krohn. In reviewing this matter, the Court has considered the designated record and written arguments of the parties, including Mr. Muth's Opening Brief **(#23)**, Ms. Krohn's Response Brief **(#28)**, and Mr. Muth's Reply Brief **(#30)**.

Exercising jurisdiction pursuant to 28 U.S.C. § 158(a), the Court **REVERSES** the Bankruptcy Court's March 5, 2015 Order awarding fees, and **REMANDS** the case to the Bankruptcy Court for further proceedings.

**I. Background**

The Debtor, Mr. Muth, and Ms. Krohn are former spouses who have been litigating issues from their domestic case in state court for several years. In those proceedings, a judgment

entered for Ms. Krohn against Mr. Muth.  Mr. Muth filed his voluntary Chapter 11 bankruptcy petition on August 13, 2012, thereby staying Ms. Krohn's collection on the judgment.

In the bankruptcy case, Ms. Krohn filed a proof of claim for a non-dischargeable domestic support obligation of approximately $45,000.  She also filed a motion to dismiss the bankruptcy case under 11 U.S.C. § 1112(b)(1), asserting as "cause" that Mr. Muth had no reasonable likelihood of rehabilitation and that the bankruptcy case had been filed in bad faith.  In the same motion, Ms. Krohn requested that sanctions be imposed against Mr. Muth in the form of an award of attorney fees and costs that were incurred as a result of the bankruptcy filing.  The Bankruptcy Court held an evidentiary hearing on the motion.

On July 3, 2013, the Bankruptcy Court granted Ms. Krohn's motion and dismissed Mr. Muth's case for cause, finding that Mr. Muth had demonstrated no reasonable likelihood of rehabilitation and that he filed his case in bad faith.  The Bankruptcy Court further determined that Ms. Krohn was entitled to recover attorney fees and costs incurred as a result of the bankruptcy filing.  Relying on its inherent authority and equitable powers under 11 U.S.C. § 105(a), the Bankruptcy Court found that imposition of sanctions against Mr. Muth was appropriate because he had filed the bankruptcy case, in part, "to disrupt his domestic proceedings and "implement a scheme to divert money to his fiancee."  The Bankruptcy Court noted that Mr. Muth had many months to consider withdrawing his bankruptcy case after Ms. Krohn contested the filing, but he declined to do so.  For these reasons, the Bankruptcy Court concluded that Ms. Krohn "should not be required to bear the full cost of Mr. Muth's bad faith filing."  The Bankruptcy Court directed Ms. Krohn to file a detailed fee application and motion for entry of judgment, which she did.

Before the Bankruptcy Court had an opportunity to quantify the fee award, Mr. Muth appealed the July 3, 2013 Order to the United States Bankruptcy Appellate Panel (BAP) of the Tenth Circuit. *See* 28 U.S.C. § 158(b). Proceeding *pro se*, Mr. Muth identified portions of the Bankruptcy Court's ruling to which he objected. As to the attorney fee award, he argued that because he did not file his bankruptcy petition in bad faith, he should not have to pay any attorney fees. He urged the BAP to "deny attorney fees for [the Bankruptcy Court's] false findings for fact."

The BAP found no error in the dismissal of the bankruptcy case. Although the BAP did not separately address the fee award in its opinion, it found no error in the Bankruptcy Court's finding that Mr. Muth had filed his case in bad faith. In the introduction of its opinion, the BAP states that it was addressing Mr. Muth's appeal of both the dismissal of his case and the award of attorney fees. Ultimately, the BAP affirmed both the dismissal and the award of attorney fees to Mr. Krohn. Mr. Muth did not appeal from the BAP decision.

The appeal having been resolved, the Bankruptcy Court addressed quantification of the fee award. An evidentiary hearing was held, and on March 5, 2015, the Bankruptcy Court entered an order awarding fees to Ms. Krohn in the amount of $19,546.17 plus interest. The Bankruptcy Court iterated that it had previously dismissed the bankruptcy case because it was filed in bad faith and determined that Ms. Krohn was entitled to her reasonable fees. The Bankruptcy Court quantified the sum awarded by applying the lodestar method. Mr. Muth appeals from the Bankruptcy Court's March 5, 2015 Order.

## II. Issues Presented

Mr. Muth presents two issues:

1. Did the Bankruptcy Court lack authority to impose the attorney fee award against him?

2. Did the Bankruptcy Court err by failing to expressly consider the factors articulated in *White v. General Motors Corp.*, 908 F.2d 675 (10th Cir. 1990), in determining the amount of fees to award?

## III. Analysis

The Bankruptcy Court's imposition of the attorney fees occurred in two steps. First, in the July 3, 2013 Order, the Bankruptcy Court determined that an award was appropriate. That determination has been appealed and affirmed. Thus, the Court declines to consider Mr. Muth's contention that imposition of a fee award was not appropriate.[1]

The second step was the Bankruptcy Court's quantification of the attorney fee award. In its March 5, 2015 Order, the Bankruptcy Court made factual finding as to the reasonableness of the of fees awarded by use of the lodestar analysis, but did not address whether the amount was the minimum necessary to deter Mr. Muth's conduct, whether Mr. Muth was able to pay the award, or any other factor such as the severity of Mr. Muth's bad faith conduct.

---

[1] Although Mr. Muth is now represented by an attorney who makes arguments that Mr. Muth did not present in his prior appeal, Mr. Muth had the opportunity to present such arguments in his prior appeal. Where an appellant fails to make arguments on appeal, he is deemed to have waived them. *See Johnson v. Miller*, 387 Fed.Appx. 832, 838 (10th Cir. 2010). His contention that the BAP did not adequately discuss the attorney fee award in its opinion could have been raised in a further appeal to the Tenth Circuit Court of Appeals. *See* 28 U.S.C. § 158(d)(1). But, in the absence of such appeal, the issue is finally determined and Mr. Muth is precluded from raising it here. *See Gass v. United States*, 4 Fed.Appx. 565, 567 (10th Cir. 2001) (doctrine of res judicata bars claims raised, or could have been raised, in an earlier suit, but were not).

Mr. Muth argues that the attorney fee award imposed against him is a punitive sanction, and therefore, the Bankruptcy Court was required to expressly consider the factors set forth in *White v. General Motors Corp.*, 908 F.2d 675 (10th Cir. 1990).  Ms. Krohn responds that the *White* factors do not apply unless the award is made pursuant to Fed. R. Civ. P. 11.  This raises an issue of first impression — whether a Bankruptcy Court must consider the *White* factors when imposing a fee award as a sanction under 11 U.S.C. § 105(a).

Because Mr. Muth did not raise this argument before the Bankruptcy Court, ordinarily this Court, sitting in an appellate role, would not consider the issue.  *See In re C.W. Mining Co.*, 625 F.3d 1240, 1246 (10th Cir. 2010).  But, because the issue is a purely legal one and both parties have fully addressed it, the Court, in its discretion, considers it.  *See United States v. Jarvis*, 499 F.2d 1196, 1201-02 (10th Cir. 2007) (recognizing an exception to the general rule of forfeiture where the argument involves a pure matter of law and the proper resolution of which is certain).[2]

In *White*, a district court awarded attorney fees for violation of Fed. R. Civ. P. 11.  The Tenth Circuit found no error in the decision to impose sanctions, but it reversed and remanded the award for reconsideration in light of the purposes of Rule 11.  The Circuit explained that Rule 11 sanctions are intended to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management.  *Id.* at 694.  But the most

---

[2] Ordinarily, the Court reviews the imposition of an attorney fee award for an abuse of discretion. *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998).  An abuse of discretion occurs when the court (1) fails to exercise meaningful discretion, such as acting arbitrarily or not at all, (2) commits an error of law, such as applying an incorrect legal standard or misapplying the correct legal standard, or (3) relies on clearly erroneous factual findings.  *Farmer v. Banco Popular of North America*, 791 F.3d 1246, 1256 (10th Cir. 2015).  Here, the question is whether the Bankruptcy Court erred as a matter of law.

important purpose of a Rule 11 sanction is deterrence. *Id.* With these purposes in mind, the Circuit held that a district court must expressly consider the following factors when imposing monetary sanctions, all of which serve as limitations on the amount assessed: (1) reasonableness of the fees sought, as determined through a lodestar calculation; (2) whether the amount imposed is the *minimum* amount that will serve to adequately deter the undesirable behavior; (3) whether the offender is able to pay the sanction; and (4) any other factors as deemed appropriate, such as the offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, and the risk of chilling the type of litigation involved. *Id.* at 684-85.

The Tenth Circuit has recently expanded this analysis beyond the Fed. R. Civ. P. 11 context to punitive sanctions based on a court's inherent authority. In *Farmer v. Banco Popular of North America*, 791 F.3d 1246 (10th Cir. 2015),[3] a district court relied on its inherent authority to impose an attorney fee sanction against the plaintiff for vexatious, unreasonable, and bad faith conduct during the litigation. The plaintiff appealed, arguing that the district court did not have authority to impose the sanction. The Tenth Circuit disagreed, observing that the district court had shifted a portion of the defendant's fees to the plaintiff, not as a matter of substantive remedy, but instead to vindicate its authority and punish the plaintiff. The Tenth Circuit viewed the fee award as a punitive sanction in the nature of a fine and acknowledged the court's inherent authority to impose it. It further reasoned that that where a court "sanctions a recalcitrant party for his abuse of process by an award of fees and costs," the principles in *White* apply. *Id.* at 1259.

---

[3] The Court notes that the Bankruptcy Court did not have the benefit of the decision in *Farmer* at the time it issued its March 5, 2015 Order quantifying the fee award.

Read together, the Court understands *Farmer* and *White* to teach that if the primary purpose of an attorney fee award is to sanction a party for abuse of the judicial process, the factors articulated in *White* must be considered by the court imposing the sanction, regardless of the authority upon which imposition is founded. With that premise in mind, the Court turns to the Bankruptcy Court's orders.

Here, the record shows that the Bankruptcy Court awarded Ms. Krohn her attorney fees to punish Mr. Muth for his bad faith conduct in filing the bankruptcy case. It found that Mr. Muth's purpose in filing for bankruptcy relief was not to reorganize, but instead to disrupt his domestic relations proceeding and to divert money to his fiancée. Although this case occurs in the context of a bankruptcy filing, the objectionable behavior is analogous to the behavior in *White* and *Farmer* — that is, misuse of the legal process. The fee award was partially compensatory, as it reflects the fees incurred by Ms. Krohn because of the bankruptcy filing, but it also has a deterrent purpose and effect. The award of fees was also designed to dissuade Mr. Muth, and arguably others, from misusing a bankruptcy filing as a tool in a domestic relations dispute. Thus, as in *White* and *Farmer*, the Bankruptcy Court should have considered the *White* factors in order to determine whether the amount of the sanction imposed would serve its deterrent purpose.

In its March 5, 2015 Order quantifying fees, there was no discussion of two of the *White* factors — whether the amount awarded was the *minimum* amount necessary to deter Mr. Muth's undesirable behavior and whether he was able to pay the amount awarded. In the absence of findings as to these factors, it is not clear how the Bankruptcy Court applied its discretion in imposing a sanction for deterrent purposes. Accordingly, the Court reverses the Bankruptcy

Court's March 5, 2015 Order awarding attorney fees and remands the case to the Bankruptcy Court for additional findings.

### IV.  Attorney Fees on Appeal

Ms. Krohn requests an award of her attorney fees and costs incurred in defending this appeal under 28 U.S.C. § 1927 and Fed. R. App. P. 38.  The Court denies her request.  The Court does not find this appeal to be frivolous, vexatious, or unreasonable.

### V.  Conclusion

For the forgoing reasons, the March 5, 2015 Order of the United States Bankruptcy Court is **REVERSED**.  The case is **REMANDED** to the Bankruptcy Court for further proceedings.  The Clerk is directed to close this case.

Dated this 11th day of March, 2016.

**BY THE COURT:**

_/s/ Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge